[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs' motion to strike (#106) the defendant's special defense of unclean hands is denied. "The party seeking to invoke the clean hands doctrine to bar equitable relief must show that his opponent engaged in willful misconduct with regard to the matter in litigation." Polverari v. Peatt, 29 Conn. App. 191,202, 614 A.2d 484, cert. denied 29 Conn. App. 191 (1992). The plaintiff argued that the special defense does not allege sufficient facts to state willful misconduct. The special defense alleges, "[t]he plaintiffs intentionally constructed their house, pool, pool house and tennis court in a manner that was unnecessarily and unreasonably intrusive and harassing, in at least the following respects. . . ." "Estoppel, waiver, unjust enrichment and unclean hands are all defenses which depend upon questions of fact that must be determined, in the first instance, by the trial court." New York Annual Conference v. Fisher,182 Conn. 272, 300, 438 A.2d 82 (1980).
The defendant alleges intentional, unreasonably intrusive and harassing conduct that continued despite the defendant's CT Page 5433-HH objection, and this conduct harmed the defendant. In construing the facts in the complaint most favorably to the non moving party as the court must, see Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992), the defendant met its burden of pleading that the plaintiff engaged in willful misconduct.
RYAN, J.